UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUSVINA PAZ, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Case No. 14-cv-10495 |
| v. ) | |
| ) | |
| FREEDMAN ANSELMO ) | |
| LINDBERG LLC, and PORTFOLIO ) | |
| RECOVERY ASSOCIATES, LLC; ) | |
| ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Lusvina Paz, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

### **PARTIES**

3. Plaintiff, Lusvina Paz ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted GE Money Bank, F.S.B. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Freedman Anselmo Lindberg LLC ("Freedman"), is a law firm organized as an Illinois professional corporation with principal offices and registered agent at 1771 West Diehl Road, Suite 150, Naperville, IL 60563. (Exhibit A, Record from the Illinois Secretary of State).

5. The practice of Freedman consists of the collection of alleged defaulted consumer debts owed to others.

6. Freedman regularly uses the mails and telephone system in attempting to collect debt owed to others.

7. Freedman regularly files collection lawsuits in Illinois on behalf of Portfolio Recovery Associates, LLC in attempting to collect defaulted consumer debts.

8. Freedman is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

9. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is a Delaware limited liability company with its principal place of business at 120 Corporate Boulevard, Norfolk, Virginia 23502. It does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit B, Record from Illinois Secretary of State).

10. Defendant PRA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

11. Defendant PRA holds a collection agency license from the state of Illinois. (Exhibit C, Record from Illinois Department of Financial & Professional Regulation).

12. Defendant PRA is a junk debt buyer that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

13. Defendant PRA regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

14. According to Defendants, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a GE Money Bank, F.S.B. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

15. Defendants have claimed that Plaintiff was unable to pay the alleged debt, and it went into default.

16. PRA purportedly purchased the alleged debt after default.

17. PRA subsequently retained or hired Freedman to attempt to collect the alleged debt from Plaintiff.

18. Freedman was at all times authorized to act on behalf of PRA to attempt to collect the alleged debt from Plaintiff.

19. On or about February 28, 2014, Freedman filed a complaint on behalf of PRA against Plaintiff to collect the alleged debt, styled *Portfolio Recovery Associates, LLC vs. Lusbina Paz*, Case No. 14-M1-112138, in the Circuit Court of Cook County, First Municipal District ("State Action"). (Exhibit D, State Court Complaint).

20. The Complaint and attached Affidavit claimed a balance due and owing of $10,243.45.

21. On August 5, 2014, Plaintiff filed an answer to the State Action Complaint ("Answer"). (Exhibit E, State Court Answer).

22. Plaintiff was not represented by counsel at the time, and was *pro se*.

23. Plaintiff's Answer denied all allegations contained in the State Action Complaint, and requested proof from PRA that Plaintiff owned the alleged debt.

24. On or about August 20, 2014, Freedman mailed Plaintiff nine (9) requests to admit ("RTAs"). (Exhibit F, State Court Requests to Admit).

25. The RTAs failed to include a warning that if not responded to within 28 days, the RTAs would be deemed admissions, as required by Illinois Supreme Court Rule 216.

26. Plaintiff subsequently consulted with the legal aid attorneys at the Debtors Legal Clinic, who, on November 25, 2014, filed a motion to strike the RTA's for failing to include the required warning.

27. The Circuit Court of Cook County granted Plaintiff's motion to strike, holding that the RTA's did not comply with Ill. Sup. Ct. Rule 216. (Exhibit G, Order Striking RTA's).

28. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False and misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

30. Defendants Freedman and PRA served requests lacking an explanation that the requests would be deemed admitted after 28 days, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

31. Service of requests for admission containing upon a pro se defendant without an explanation that the requests would be deemed admitted after [twenty eight] days constitutes "unfair or unconscionable" or "false, deceptive, or misleading" means to collect a debt. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F. 3d 939, 952 (9th Cir. 2011).

32. Defendants' RTA's asked Plaintiff to admit she had never made a written objections to credit card statements. (Ex. F, RTA's).

33. Defendants knew or should have known Plaintiff had made a written objection to the alleged credit card statements because she had done so in writing in her Answer. (Ex. E, Answer).

34. Thus, Defendants' statement that Plaintiff had never made a written objection was false.

35. Defendants' RTA's asked Plaintiff to admit that Defendant PRA was "the proper party to bring this claim." (Ex. F, RTA's).

36. Yet Plaintiff indicated in her answer that she denied that PRA owned the debt, and requested proof thereof. (Ex. E, Answer).

37. Thus, Defendants' statement that PRA was the proper party to bring the State Action was false.

38. The RTAs asked Plaintiff to admit statements that were not true, and which Plaintiff had already denied in her Answer.

39. 15 U.S.C. § 1692e of the FDCPA provides as follows:

>**False and misleading representations**
>
>**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
>**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

40. 15 U.S.C. § 1692f of the FDCPA provides as follows:

>**Unfair Practices**
>
>**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

41. Defendants Freedman and PRA served requests to admit on Plaintiff that asked her to admit statements which they knew or should have known were not true, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

42. The service of requests for admission containing false information upon a pro se defendant constitutes "unfair or unconscionable" or "false, deceptive, or misleading" means to collect a debt. Requesting a pro se litigant to admit the "entire case against him and concede all defenses," and false requests for admission constituted "unfair or unconscionable," or "false, deceptive or misleading" means to collect a debt under the FDCPA. *McCollough,* 637 F. 3d 939, at 952.

43. Plaintiff was confused, and an unsophisticated consumer would be confused, by the requests to admit served by Defendants.

44. PRA is liable for the acts and omissions of Freedman committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc*., 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P*., 225 F.3d 379 (3rd Cir. 2000)).

45. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff re-alleges paragraphs 1-45 as if set forth fully in this count.

47. Defendants Freedman and PRA served requests lacking an explanation that the requests would be deemed admitted after 28 days, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

48. Defendants Freedman and PRA served requests to admit on Plaintiff that asked her to admit statements which they knew or should have known were not true, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

49. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in her favor against the Defendants as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: <u>s/ Bryan Paul Thompson</u>
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
**Wood Finko & Thompson P.C.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com