UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUSVINA PAZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-cv-10495 ) |
| FREEDMAN ANSELMO LINDBERG LLC, and PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) Judge Sharon Johnson Coleman ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lusvina Paz ("Paz") filed a single-count complaint against Freedman Anselmo Lindberg LLC ("Freedman") and Portfolio Recovery Associates, LLC ("Portfolio") (together "defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, alleging that defendants actions in a state court debt collection suit were false and misleading or unfair. Defendants move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the motion and dismisses the complaint.

**Background**

The following facts are taken from the complaint and accepted as true for the purposes of ruling on the instant motion. Paz, an Illinois resident, allegedly incurred a debt from a GE Money Bank, F.S.B. consumer credit account which went into default. Portfolio purchased the debt after default and retained Freedman to attempt to collect the debt from Paz.

On February 28, 2014, Freedman filed a complaint on behalf of Portfolio and against Paz in the Circuit Court of Cook County, seeking to collect a debt in the amount of $10,243.45. Paz,

who proceeded *pro se* in the state court action, filed an answer to the complaint denying all allegations, among other statements. Freedman then served Paz with nine requests to admit. The requests provided the following warning on its proof of service page, the first page of the two-page document:

> **WARNING: If you fail to serve the response required by Rule 216 within 28 days after you are served with this paper, all the facts set forth in the requests will be deemed true and all the documents described in the requests will be deemed genuine.**

In response, Paz consulted with legal aid attorneys at the Debtors Legal Clinic and filed a motion to strike the requests to admit on the grounds that they did not comply with Illinois Supreme Court Rule 216. Paz was represented by counsel from the Debtors Legal Clinic at a subsequent motion hearing where the Circuit Court judge entered the following order: "Plaintiff's motion for summary judgment denied, based upon court's ruling that [plaintiff's] request to admit does not comply with Rule 216; defendant given leave to file answer to request to admit by 12/23/2014." Attached to Paz's complaint in this case are defendants' state court action complaint, Paz's answer thereto, defendants' requests for admission in that case, and the Circuit Court's order.[1]

Paz then filed the instant complaint alleging that defendants' requests to admit violated the FDCPA. Defendants filed a motion to dismiss her complaint, which is now fully briefed.

**Legal Standard**

When reviewing a defendant's Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d

---

[1] The Court may consider documents attached to and referenced in Paz's complaint without converting the motion to dismiss to one for summary judgment. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012).

1081 (2007). Detailed factual allegations are not required, but the plaintiff must allege facts that when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.*

**Discussion**

Paz claims that defendants requests to admit in the underlying state court action violated FDCPA §§ 1692e and 1692f.[2] Specifically, Paz alleges that the requests lacked an explanation that the requests would be deemed admitted after 28 days, and that the requests asked Paz to admit statements which defendants knew or should have known were false. Defendants argue that the complaint should be dismissed because, among other reasons, defendants indeed issued the required warning with its requests to admit and that despite Paz's contrary assertion, her answer to defendants' state court complaint did not put defendants "on notice" that the information in the requests to admit were false. Defendants also argue that the requests to admit were not inconsistent with Paz's rights to dispute the validity of the debt in that she was free to and could merely deny any statement or document she thought was inaccurate. The Court agrees.

Section 1692e of the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." This section provides a

---

[2] In her complaint, Paz alleges that defendants violated Illinois Supreme Court Rule 216. Yet in her response, she concedes that the Circuit Court's finding that defendants failed to comply with Rule 216 is not the basis of her complaint. Although the state court judge did not provide the basis for the ruling, the parties mention and this Court notes that Rule 216 requires, in part, the following warning language, "If you fail to serve the response required by Rule 216 within 28 days after you are served with this *document*, all the facts set forth in the requests will be deemed true," and that defendants' warning used the word "paper" in place of the word "document."

3

nonexclusive list of prohibited practices, including the following cited in Paz's complaint, "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." In evaluating whether a communication violates the FDCPA, the Court views it from the objective standard of an "unsophisticated consumer" who may be "uninformed, naive, or trusting." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). Nevertheless, the unsophisticated consumer "possesses rudimentary knowledge about the financial world … reasonable intelligence, and is capable of making basic logical deductions and inferences." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). This standard applies to claims under both § 1692e and § 1692f. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). The Court will address each allegation of Paz's two-part claim in turn.

Paz claims that in the state court collection action against her, defendants served her with requests to admit which lacked an explanation that the requests would be deemed admitted after 28 days. She alleges that failure to give this warning to a *pro se* defendant constitutes an unfair or unconscionable, or false, deceptive, or misleading means to collect a debt. However, as defendants argue and the requests served on Paz reveal, the requests contain the warning Paz complains of. (*See* Compl., Dkt. # 1, Ex. F ("WARNING: If you fail to serve the response required … all the facts set forth in the requests will be deemed true …").) Paz argues in her response brief that defendants failed to provide this disclosure on the first page of the requests to admit, instead placing it on the proof of service. Yet, according to the document Paz attached to her complaint, the proof of service page is the first of the two-page requests to admit document.

(*Id.*) Defendants' warning was in boldface type in a prominent place on the first page. Accordingly, the Court finds that Paz's allegations regarding the "required disclosure" cannot form the basis of an actionable FDCPA claim.

Paz also claims that defendants' requests ask her to admit statements which defendants knew or should have known were false. Specifically, she alleges that the requests asked her to "admit she had never made a written objections [sic] to credit card statements" and that Portfolio "was the proper party to bring this claim." (Dkt. # 1, ¶¶ 32, 35.) Paz alleges in both instances that defendants knew these statements "were not true" because Paz had already denied them in her answer to the complaint. Again, the documents Paz attaches to her complaint are fatal to her claim.

Regarding the written objections to credit card statements allegation, the relevant complaint allegation, Paz's answer and the subsequent requests to admit are as follows:

> Complaint:
> 4. That after allowing for all credits due defendant, there is due and owing as of February 20, 2014 the sum of $10243.45. (Ex. D.)
>
> Answer:
> 4. I request proof of charges, ex. statements, receipts, payments. All including dates. – <u>DENY</u> (Ex. E.)
>
> Requests to Admit:
> 6. That the above named defendant(s) admits receipt of the attached statements. (Ex. F.)
>
> 7. That the above named defendant(s) admits to never making a written objection to statements. (*Id.*)

Based on the history above, despite Paz's allegation to the contrary her answer does not make a written objection *to the statements* nor does it deny "never making a written objection to statements." Paz's answer merely denies that she owes a debt of $10,243.45 and requests proof of charges, *i.e.*, the statements sent with defendants' requests to admit. Further, Paz did not

receive the "attached statements" until she received the requests to admit and thus could not have previously made written objection to them, as she claims.

Paz also alleges that the request to admit statement that Portfolio is the proper party to bring the state collection action is false. Again, she claims that her answer to defendants' state court complaint denies this statement. The relevant pleadings and statement are as follows:

> Complaint:
> 2. [Portfolio] acquired on or about February 28, 2011 for a valuable consideration, all right, title and interest in the account heretofore stated originally owed by [Paz] to GE MONEY BANK, F.S.B. (Ex. D.)
>
> Answer:
> 2. Proof of assignment is requested – <u>DENY</u>. (Ex. E.)
>
> Requests to Admit:
> 8. That [Portfolio] is the proper party to bring this claim. (Ex. F.)

Paz's answer, however, does not address Portfolio's status as a party, proper or otherwise. She denies that Portfolio acquired her account and asks for proof of any assignment. Paz's denial, however, does not make the statement that Portfolio is a proper party false. Indeed, whether Portfolio is a proper party in that action is a legal question which requires judicial determination notwithstanding a party's affirmance or denial of the issue. Further, the statement is not inconsistent with Paz's rights to dispute the validity of the debt. Asking Paz to admit this statement, or any fact relevant to the litigation, implies that she can refuse to admit (*i.e.*, deny) the fact, and leaves open that opportunity. Accordingly, on its face and in context the statement is not misleading or deceptive, even to the unsophisticated but reasonable consumer, and thus is not false for purposes of § 1692e. *See Wahl*, 556 F.3d at 646 ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA-even if it is false in some technical sense. For purposes of § 1692e, then, a statement isn't "false" unless it would confuse the unsophisticated consumer.").

The Court further finds that none of the remaining requests to admit form the basis of an actionable claim under the FDCPA. It would defy common sense for this Court to hold that a plaintiff's discovery request in a collection action could rise to the level of a false, deceptive or misleading means to collect a debt, or an unfair or unconscionable act under the FDCPA simply because it requests information about the alleged debt in furtherance of the lawsuit. *See, e.g., Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 875 (7th Cir. 2015) ("[W]e very much doubt that a state court motion for summary judgment – filed to collect an overdue credit card debt – could qualify as an unfair or unconscionable act under the FDCPA.").

For all these reasons, the Court finds that Paz has failed to sufficiently allege facts to state a claim for relief and grants defendants' motion to dismiss.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss [18] is granted and the complaint is dismissed in its entirety with prejudice.

SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED: September 25, 2015